UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAMIAN CLARKE,                          :
                                        :
            Plaintiff                   :
                                        :
      v.                                : CIVIL NO. 3:CV-06-422
                                        :
K. REIDINGER, et al.,                   : (Judge Kosik)
                                        :
            Defendants                  :

**MEMORANDUM and ORDER**

_____Damian Clarke, an inmate currently confined at the Federal Correctional

Institution at Allenwood, Pennsylvania, filed this civil rights action pursuant to 28

U.S.C. § 1331 on February 27, 2006.  Along with his complaint he has filed an

application seeking leave to proceed in forma pauperis in this matter (Doc. 2). Named

as defendants are the Bureau of Prisons, K. Reidinger, a correctional officer who

works in the food service department at FCI-Allenwood and Troy Williamson,

Warden at FCI-Allenwood.  For the reasons that follow, the application for leave to

proceed in forma pauperis will be granted for the sole purpose of filing this action,

and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.    **Background**

      The allegations set forth by Clarke are straightforward and uncomplicated.  He

alleges that on June 21, 2005, Defendant Reidinger was working in the Food Service

Department.  At both the 6:00 a.m. and 11:00 a.m. serving line, Clarke claims that

Reidinger wore a " contraband unauthorize (sic) wig in the hair style called 'dread'

and a hat which was in the style of a Rastifarian Crown."  (Doc. 1, Compl. at 3.)

Reidinger imitated a Jamaican person talking and singing, causing other inmates to

laugh, scoff and jeer at Clarke and other Jamaican inmates.  Clarke contends that

Reidinger's comments were sarcastic, humorous and satirical.  Clarke further contends

that he filed a grievance with regard to this matter and that Defendant Williamson

gave a "lackadaisical response" to the incident which failed to take into account the

racial tensions, life, health and safety of Plaintiff and could have caused a riot.   He

claims that Defendants' actions violated his constitutional rights, particularly the

Fifth Amendment.  He seeks compensatory and punitive damages.

## II.   Discussion

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case "at any time" if it

determines an action or appeal (i) is frivolous or malicious, (ii) fails to state a claim

upon which relief may be granted, or (iii) seeks monetary damages from a defendant

with immunity.   An action or appeal can be frivolous for either legal or factual

reasons.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Wilson v. Rackmill, 878

F.2d 772,774 (3d Cir. 1989).  A legally frivolous action is one "based on an

indisputably meritless legal theory."  Id. at 327.  Indisputably meritless legal theories

are those "in which either it is readily apparent that the plaintiff's complaint lacks an

arguable basis in law or that the defendants are clearly entitled to immunity from suit

. . . ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990)(quoting Sultenfuss v. Snow,

894 F.2d 1277, 1278 (11th Cir. 1990)).  "The frivolousness determination is a

discretionary one," and trial courts "are in the best position" to determine when an

indigent litigant's complaint is appropriate for summary dismissal.  Denton v.

Hernandez, 504 U.S. 25, 31 (1992).  However, pro se complaints are to be liberally

construed.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A plaintiff, in order to state a viable civil rights claim, must plead two essential

elements: (1) that the conduct complained of was committed by a person acting under

color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege,

or immunity secured by the Constitution or laws of the United States.  Groman v.

Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v.

Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

In this case, Clarke is seeking damages based upon the behavior of Officer

Reidinger in dressing/imitating a Jamaican person in the food service line.  Clarke

takes offense at Reidinger's "sneering, cutting humorous and satirical imitation of a

Jamaican person" through his talking and singing.  This conduct does not rise to the

level of a constitutional violation.  Clarke attempts to set forth a cause of action based

upon the foregoing behavior which, at best, amounts to a claim for harassment.

Harassment alone does not establish the deprivation of a constitutional right.  It has

3

been held that the use of words, however violent, generally cannot constitute an actionable assault.  See Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D.Pa. 1993)("Mean harassment . . . is insufficient to state a constitutional deprivation."; Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993)("Verbal harassment does not give rise to a constitutional violation enforceable under § 1983").  Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.  Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973); see also Balliet v. Whitmire, 626 F. Supp. 218, 228-29 (M.D. Pa.)("[v]erbal abuse is not a civil rights violation . . . ."), aff'd 800 F.2d 1130 (3d Cir. 1986).  Further, it has also been held that a constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. 189, or under the Fifth Amendment's substantive due process clause, see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.), cert. denied, 502 U.S. 879 (1991).

In the instant case, Clarke fails to state a viable claim for relief because he has asserted nothing more than mere harassment.  While Reidinger's impersonation of a Jamaican person may have been anything but humorous to Plaintiff, it does not rise to the level of conduct necessary to state a constitutional violation.  Although Clarke claims that Reidinger's humor and Williamson's failure to find in his favor with

regard to the grievance on this issue could have resulted in harm to him or even a prison riot, he does not allege any physical harm or actual risk of physical harm. Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997); Beers-Capitol v. Whetzel, 256 F.3d 120 (3d Cir. 2001).[1]  For these reasons, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

_____**ACCORDINGLY,** this 28th day of February, 2006, **IT IS HEREBY**

**ORDERED** as follows: _

_____1.     Plaintiff's application to proceed in forma pauperis (Doc. 2) is **granted** for the sole purpose of filing this action.

_____2.     The complaint is **dismissed, without prejudice**, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).___

_____3.     The Clerk of Court shall close this case.

_____4.     Any appeal taken from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

_____

_____     s/Edwin M. Kosik_____
                                     United States District Judge

_____

[1] Further, to the extent Clarke contends Williamson's "lackadaisical response" to his grievance or any failure to respond to his grievance in any way is a constitutional violation, his claim is also without merit.  It is well-established that inmates do not have a constitutionally protected right to the prison grievance process. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)(federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).  Thus, Clarke's contention that Williamson's failure to take corrective action concerning his allegations through the prison grievance system fails to state a claim.